## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DESIRA D. ROY,**

       **Plaintiff,**

**vs.**                                      **No. CIV 08-0341 RB/LAM**

**LIEUTENANT JASON DAVIS, in
his personal and official capacity,
JAN GARTMAN, Warden, in her
personal and official capacity,
and LEA COUNTY, STATE OF
NEW MEXICO, a COUNTY
MUNICIPALITY,**

       **Defendants.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Amend Complaint for Damages (Doc. 52), filed on January 7, 2009.  Jurisdiction arises under 28 U.S.C. §§ 1331, 1343(a)(1), and 1367.  Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I find that this motion should be granted in part, as described herein.

**I.**     **Background.**

On March 31, 2008, Plaintiff filed this civil rights action for money damages under 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, Article II, Sections 10 and 18 of the New Mexico Constitution, and state law.  Plaintiff alleges Defendant Lieutenant Jason Davis subjected her to excessive force and violated her substantive due process rights when he shoved her face into a concrete floor as she was booked into the Lea County Detention Center on December 23, 2007.  Plaintiff alleges municipal liability, negligence, and

negligent hiring, training, and supervision as to Defendant Lea County.

In her Motion to Amend Complaint for Damages, Plaintiff states, during the deposition of Defendant Warden Jan Gartman, she became aware "that there has been a spoliation of evidence, i.e, video recording, by Defendants necessitating an amendment of the pleadings by the Plaintiff." (Doc. 52.)

Defendants oppose Plaintiff's motion to amend, on the grounds that (1) the requested amendment is untimely; (2) the requested amendment would be futile; and (3) the requested amendment is insufficient to establish an adverse spoliation inference or sanctions.

Plaintiff has not filed a reply, which was due by February 4, 2009.  *See* D. N. M. LR-Civ. 7.4(a) (reply is due within fourteen days of service of response).

## II.   Standard.

After a responsive pleading has been served, a party may amend its pleading only with the opposing party's written consent or the Court's leave.  Fed. R. Civ. P. 15(a).  The Court will freely give leave to amend the complaint when justice so requires.  Fed. R. Civ. P. 15(a)(2).

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

The purpose of the Rule 15(a) "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' " *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449,

2

456 (10th Cir. 1982)).  The Tenth Circuit reviews a Rule 15(a) decision for abuse of discretion.

*Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

**III.   Discussion.**

    **A.   Whether the requested amendment is futile.**

    A district court may refuse to allow an amendment if it would be futile.  *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. J.E. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quoting *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).

    New Mexico recognizes a cause of action for intentional spoliation of evidence.  *Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 649, 905 P.2d 185, 189 (N.M. 1995), *overruled on other grounds*, *Delgado v. Phelps Dodge Chino, Inc.*, 131 N.M. 272, 34 P.3d 1148 (N.M. 2001).  The tort is defined as "the intentional destruction, mutilation, or significant alteration of potential evidence for the purpose of defeating another person's recovery in a civil action." *Id.*  The elements of intentional spoliation of evidence are: "(1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages." *Id.*

    In the proposed Amended Complaint for Damages, Plaintiff alleges that Defendants intentionally destroyed video recordings of the incident, Defendants have disrupted and/or tried to defeat this lawsuit by destruction of the evidence, the destruction inhibits Plaintiff's ability to prove her case, and Plaintiff has suffered damages as a result of the destruction of the evidence.  (Doc. 52-

2.)  Assuming Plaintiff's factual allegations are true, they are sufficient to raise a right to relief above the speculative level.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).  Plaintiff, therefore, has stated a prima facie claim against Defendants for intentional spoliation of evidence.  The proposed amendment, therefore, is not futile.

**B.       Whether the motion to amend should be denied as untimely.**

Defendants urge the Court to deny the request to amend as untimely.   Defendants rely on long-standing Tenth Circuit authorities that state: "We have often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quotation marks omitted); *Frank v. U.S. West Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (stating that where the moving party was aware of the facts on which the amendment was based for some time prior to seeking leave to amend, the motion to amend is subject to denial).

More recently, however, the Tenth Circuit has admonished that delay alone is an insufficient ground to deny leave to amend.  *Minter*, 451 F.3d at 1205.  Instead, the emphasis is on whether the delay is "*undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Minter*, 451 F.3d at 1205-1206 n. 5 (quoting *Mayeaux v. La. Health Servs. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir.  2004) (emphasis in original).  The primary focus is on "reasons for the delay." *Minter,* 451 F.3d at 1205-06.  By way of illustration, the Tenth Circuit explained "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of

recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial." *Minter,* 451 F.3d at 1206.  (quotations, alterations, and citations omitted).

No such circumstances appear in this case.  The incident occurred on December 23, 2007. Plaintiff filed suit on March 31, 2008.  At the time she filed suit, Plaintiff was aware that "the Lea County Detention Center has video recorders at its facility, which should show how Lieutenant Jason Davis assisted the Plaintiff to the concrete floor."  (Compl. ¶ 16.)  Defense counsel informed Plaintiff's counsel on various occasions that there was no videotape to provide.  United States Magistrate Judge Lourdes A. Martinez, set August 29, 2008 as the deadline for Plaintiff to amend the pleadings.[1]  During the October 24, 2008 deposition of Defendant Gartman, Plaintiff confirmed that the detention center surveillance system had recorded over any images of the incident approximately 30 days after the incident.  Plaintiff filed the motion to amend on December 30, 2008, and re-filed the motion on January 7, 2009 due to a procedural defect in the original motion.

At least two months elapsed between the time that Plaintiff confirmed that the video images had been destroyed and the time she filed her motion.  Plaintiff has offered no reason for the delay in filing the motion to amend.  While these factors militate against Plaintiff, they must be balanced against the "closely related," and "most important, factor in deciding a motion to amend the pleadings, [which] is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1205; 1207.  "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment."  *Minter*, 451 F.3d at 1208

---

[1]  The Tenth Circuit has not decided whether a party seeking to amend the pleadings after the scheduling order deadline must show "good cause" under Fed.R.Civ.P. 16(b).  *See Minter*, 451 F.3d at 1205 n.4.  However, the Tenth Circuit has explained that there is a "rough similarity between the 'good cause' standard of Rule 16(b) and [its] 'undue delay' analysis under Rule 15."  *Id.*

(quotation omitted.)

Under this standard, Defendant has not shown prejudice.  The subject matter of the proposed amendment is closely aligned with the existing excessive force claim.  Notably, Plaintiff referenced the video in the original complaint.  At sometime prior to December 30, 2008, Defendants learned that Plaintiff wished to amend her complaint to include a claim for spoliation of evidence.[2] Defendants filed a motion for summary judgment on the existing claims on January 13, 2009, in advance of the January 30, 2009 dispositive motion deadline.  Trial is set on a July 20, 2009 trailing docket, which is more than five months from the present date.

Although an amendment may be prejudicial if its timing prevents a defendant from pursuing a potentially promising line of defense, the Court will take steps to ensure that Defendants are not prejudiced by the amendment.  In order to eliminate any risk of prejudice to Defendants, the Court will allow limited discovery on the spoliation claim, extend the dispositive motion deadline, and continue the pretrial conferences and trial for approximately 90 days.  Under these circumstances, Defendants will not be prejudiced by the amendment.  Plaintiff will be permitted to amend her complaint to include a claim for intentional spoliation of evidence.

### C.        Whether Plaintiff is entitled to an adverse spoliation inference instruction or sanctions.

In paragraphs 37 and 38 of the proposed Amended Complaint for Damages, Plaintiff alleges, in the alternative, that the Court should give a jury instruction that the destroyed evidence would be unfavorable to the Defendants as to the issue of unreasonable force and that the Court should impose sanctions against the Defendants for the destruction of evidence that was material, substantial, and

---

[2]  The motion to amend refers to a letter to defense counsel requesting consent to the amendment. (Doc. 52.) However, no such letter was attached to either version of the motions to amend.  (*Id.*)  While it is unclear from the record when consent was sought, one may infer that it was before December 30, 2008.

relevant to the underlying issues of the above-entitled case.  At this juncture, the allegations concerning spoliation of evidence are insufficient to support such a jury instruction or form a basis for sanctions.  Plaintiffs' requests in this regard are denied as premature.  Plaintiff may renew such requests at the appropriate stage of the proceedings, in the event such requests are supported by the evidence.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint for Damages (Doc. 52), filed on January 7, 2009, is **GRANTED IN PART AS DESCRIBED HEREIN.**

**IT IS FURTHER ORDERED** that discovery limited to the spoliation of evidence claim is reopened and will terminate on March 31, 2009.

**IT IS FURTHER ORDERED** that the deadline for limited discovery motions is March 16, 2009.

**IT IS FURTHER ORDERED** that the deadline for pretrial motions, other than discovery motions, is extended to April 30, 2009.

**IT IS FURTHER ORDERED** that the pretrial conferences and trial will be continued for approximately 90 days and reset as the calendar of the Court permits.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**