## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DESIRA D. ROY,**

        **Plaintiff,**

**vs.**                                      **No. CIV 08-0341 RB/LAM**

**LIEUTENANT JASON DAVIS, in
his personal and official capacity,
JAN[1] GARTMAN, Warden, in her
personal and official capacity,
and LEA COUNTY, STATE OF
NEW MEXICO, a COUNTY
MUNICIPALITY,**

        **Defendants.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's Spoliation

Claim as Barred by the New Mexico Tort Claims Act ("NMTCA"), filed on February 17, 2008.

Jurisdiction arises under 28 U.S.C. §§ 1331, 1343(a)(1), and 1367. Having considered the

submissions and arguments of counsel, relevant law, and being otherwise fully advised, Defendants'

Motion to Dismiss Plaintiff's Spoliation Claim is **GRANTED.**

**I.**     **Background.**

On March 31, 2008, Plaintiff filed this civil rights action for money damages under 42

U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution,

Article II, Sections 10 and 18 of the New Mexico Constitution, and state law. Plaintiff claims that

Defendant Lieutenant Jason Davis subjected her to excessive force and violated her substantive due

process rights when he shoved her face into a concrete floor as she was booked into the Lea County

---

[1] The record indicates that the correct spelling of this Defendant's name is "Jann Gartman." (Doc. 87-2).

Detention Center ("LCDC") on December 23, 2007.

In her Amended Complaint, Plaintiff alleges (1) use of excessive force in violation of the Fourth and Fourteenth Amendments; (2) use of excessive force under the New Mexico Constitution and state law; (3) violation of substantive due process under the Fourteenth Amendment; (4) municipal liability under §1983; and (5) intentional spoliation of evidence under state law.

Defendants have moved to dismiss the intentional spoliation of evidence claim.

## II.   Applicable Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a plaintiff's claims for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  A motion to dismiss may be granted "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *MacArthur v. San Juan County*, 497 F.3d 1057, 1064-65 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 550 U.S. at 556.

## III.   Discussion.

Defendants have moved to dismiss Plaintiff's claim for intentional spoliation of evidence

on the ground that the New Mexico Tort Claims Act ("NMTCA") does not waive sovereign immunity with respect to that tort. The NMTCA preserves sovereign immunity against tort claims for state governmental entities and public employees acting in the scope of their duties, except as specifically waived. *See* N.M. Stat. Ann. § 41-4-4(A); *Weinstein v. City of Santa Fe*, 916 P.2d 1313, 1316 (1996).  Any provision of the NMTCA purporting to waive governmental immunity must be strictly construed. *Armijo v. Dep't of Health & Env't*, 775 P.2d 1333, 1335 (N.M. Ct. App. 1989). Plaintiff argues that the NMTCA waiver of sovereign immunity for tort claims involving the conduct of law enforcement officers waives liability as to her claim for spoliation of evidence. *See* N.M. Stat. Ann. § 41-4-12.

This argument has been rejected. In *Gonzales v. Trujillo*, Civ. No. 00-0615 BB/RLP (D.N.M. Jan. 12, 2001) (unpublished), the defendant therein, Police Officer Trujillo, argued that N.M. Stat. § 41-4-12 did not waive immunity for the plaintiff's claim for intentional spoliation of evidence. *Id*., slip op. at 3.  In the *Gonzales* case, the Honorable Bruce D. Black, United States District Judge, concluded that, even though the New Mexico Supreme Court recognized the tort of intentional spoliation of evidence in *Coleman v. Eddy Potash, Inc.,* 905 P.2d 185 (N.M. 1995), *overruled on other grounds*, *Delgado v. Phelps Dodge Chino, Inc.*, 34 P.3d 1148 (N.M. 2001), the New Mexico Legislature declined to waive immunity for this tort under the NMTCA. *Gonzales*, slip op. at 8. Based on this conclusion, Judge Black found that Officer Trujillo was immune from liability for the plaintiff's claim of intentional spoliation of evidence.  *Id.*

The Honorable James A. Parker, United States District Judge, has also rejected the notion that the NMTCA waives liability for the tort of intentional spoliation of evidence. *See Leyba v. City of Santa Fe*, Civ. No. 97-1186 JP/RLP (D.N.M. Aug. 4, 1999) (holding NMTCA did not waive immunity for the plaintiff's claim for intentional spoliation of evidence); *Phillips v. City of*

3

*Albuquerque*, Civ. No. 97-1324 JP/LFG (D.N.M. Jun. 11, 1998) (Parker, J.) (dismissing plaintiff's claim of spoliation of evidence because it is not actionable under the NMTCA); *S. A. v. Tucumcari Mun. Schs.*, Civ. No. 00-0727 JP/DJS (D.N.M. Sept. 12, 2001) (Parker, J.) (unpublished) (holding that sovereign immunity is not waived for the tort of intentional spoliation of evidence by school administrators or elected officials).  Additionally, the Tenth Circuit has stated, in dicta, that N.M. Stat. § 41-4-12 is inapplicable to a claim for spoliation of evidence. *Amirault v. City of Roswell*, 1997 WL 428691 (10th Cir. 1997) (unpublished) ("[s]ince the City is immune from suit for the self-inflicted injuries sustained by Amirault, it follows that it is also immune from suit for spoliation of evidence.").  The Court finds the reasoning of the Tenth Circuit, Judge Black, and Judge Parker to be persuasive.  Moreover, Plaintiff suggests no other theory that would permit her claim for intentional spoliation of evidence to go forward.  The Court, therefore, finds that Plaintiff's claim for intentional spoliation of evidence is barred by the NMTCA.

IV.   **Conclusion.**

Plaintiff's claim for intentional spoliation of evidence is barred by the NMTCA.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Spoliation Claim is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**